IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSEPH LOUIS D'ALESSANDRO, III,

    Plaintiff,

v.                                            Case No. 3:17-cv-95-RV/CJK

J. COKER, et al.,

    Defendants.
_____

## RESPONSE OF DEFENDANTS SCHROCK, ELLIS AND GIBBS IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

    Defendants, Joseph Schrock, Justin Ellis and Wesley Gibbs (hereinafter "Defendants"), through the undersigned counsel, respectfully respond in opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction dated October 15, 2017 (Doc. 47)[1], and respectfully requests the Court to deny the Plaintiff's motion. In support the Defendants state as follows:

---

[1] Each document filed in this case as part of the Electronic Case File will be referenced as "Doc." followed by the document number and paragraph or page.

1

## Statement of Facts

1. Plaintiff, Joseph Louis D'Alessandro, III, (DC# B08864), is a state prisoner in the custody of the Florida Department of Corrections (hereinafter "FDOC") and is assigned to and housed at Santa Rosa Correctional Institution.

2. Plaintiff has been housed at Santa Rosa Correctional Institution since approximately October 2, 2017 (Doc. 26), having been transferred from Union Correctional Institution. Two of the Defendants, Schrock and Ellis, are employed at Santa Rosa Correctional Institution-Main Unit. The third defendant, Wesley Gibbs, is no longer an employee of the Florida Department of Corrections.

3. Plaintiff filed a civil rights complaint against these Defendants and numerous other Defendants on February 7, 2017 (Doc. 1), and filed the "Amended 1983 U.S.C. sec 42 Complaint!" on April 21, 2017 (Doc. 8). The Amended Complaint is the pleading upon which all defendants are proceeding. All allegations against Defendants are for activities which allegedly occurred at Santa Rosa Correctional Institution.

4. The only Defendants who have been served in the 1983 action are the Defendants who are filing this motion. All are sued in their individual capacities and not in their official capacities.

5.      Plaintiff filed a Motion Requesting a Temporary Restraining Order and Preliminary Injunction on October 17, 2017 (Doc. 47), fifteen (15) days after he was transferred to Santa Rosa Correctional Institution.

6.      It is unclear from the Plaintiff's Motion exactly what he is asking the Court to do although he states, "Plaintiff request to be transferred to another Institution?" (Doc. 47, pg. 1, numbered paragraph 4). The Plaintiff does not allege any act by any Defendant but merely states that he has filed a lawsuit against two of the Defendants (Doc. 47, pg. 1, numbered paragraph 1), that he is housed at the same institution where two of the Defendants are employed (Doc. 47, pg. 1, numbered paragraph 2), that he is in fear for his safety and wellbeing by being incarcerated at the institution where two of the Defendants are employed, (Doc. 47, pg. 1, numbered paragraph 3), and that he wants to avoid any reprisal by the Defendants or staff at the institution (Doc. 47, pg. 1, numbered paragraph 4).

7.      No facts of any actions or negative interactions or activities whatsoever are alleged against Defendants Schrock or Ellis.  No threats, no physical or verbal abuse, no tampering with meals, no tampering with mail, and no negative activity against him whatsoever, are alleged against Defendants Schrock or Ellis.

8.      Plaintiff has made no case for a preliminary injunction or temporary restraining order.

## MEMORANDUM OF LAW

Plaintiff seeks injunctive relief regarding actions that do not pertain to the allegations at issue in this action, but pertain to events which may conceivably happen in the future. If there was some allegation of action against him by one of the Defendants, the Plaintiff's proper remedy would be to grieve those issues and then file a separate 1983 lawsuit for retaliation. However, there is no indication that the Defendants have engaged in any form of retaliatory actions against him whatsoever. All he has alleged is that he is at the same institution as the Defendants against whom he has filed a 1983 lawsuit, and he is concerned that something "might" occur in the future. As such, injunctive relief is unwarranted and entirely inappropriate.

The *Federal Civil Rules of Procedure* and local rules provide specific prerequisites before a preliminary injunction can be issued. Fed. R. Civ. P. 65; M.D. Fla Rules 4.05-4.06. "A preliminary injunction is an 'extraordinary and drastic remedy.'" Citizens for Police Accountability Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam) (citations omitted). "[A temporary restraining order ("TRO")] or preliminary injunction is appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the TRO or preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and (d) the TRO or preliminary injunction would not be

averse to the public interest." Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam) (footnote and citation omitted), cert. denied, 534 U.S. 1072, 122 S. Ct. 679 (2001).

Based upon a reading of the Plaintiff's Motion and the unassailable facts set forth above, there is no way to say that his pleading has met any of the four requirements set forth above. The Plaintiff's Motion has no facts of any acts to restrain or enjoin. He has alleged nothing.

The "facts" given by the Plaintiff are so inadequate that there is no way to support a conclusion or finding that there is a substantial likelihood of success on the merits. Furthermore, as these are the only facts that Plaintiff proffers it is impossible to conclude that the TRO or preliminary injunction is necessary to prevent irreparable injury. One can only guess as to what the injury might be.

Additionally, the jurisdiction of federal courts is limited to cases and controversies. Mingkid v. U.S. Attorney Gen., 468 F.3d 763, 768 (11th Cir. 2006) (citation omitted). The "cases and controversies" requirement affects whether a plaintiff has *standing,* if the case is not yet *ripe* for adjudication, or if the controversy is *moot*. Dermer v. Miami-Dade County, 599 F.3d 1217, 1220 (11th Cir. 2010) (citations omitted); Smith v. Allen, 502 F.3d 1255, 1266-67 (11th Cir. 2007) (abrogated on other grounds by Sossoman v. Texas, 563 U.S. 277, 131 S. Ct. 1651, 1657 (2011)).

The facts are clear that the Plaintiff has, to date, suffered no injury, threat of injury, or other physical or emotional abuse by the Defendants. His allegations contain no facts which demonstrate a credible threat of retaliation. This case is not ripe for adjudication. Therefore, Plaintiff cannot establish that either any permanent or preliminary injunction is appropriate in this action.

**WHEREFORE**, these Defendants respectfully request that this Court enter an order denying Plaintiff's Motion Requesting a Temporary Restraining Order and Preliminary Injunction.

I HEREBY CERTIFY that the total number of words in this pleading is 1282 based upon the word count on my word processor.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Response of Defendants Schrock, Ellis and Gibbs in Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction was filed electronically through CM/ECF on October 30, 2017, and furnished by United States Mail to Joseph Louis D'Alessandro, III, DC# B08864, Santa Rosa Correctional Institution-Annex, 5850 East Milton Road, Milton, Florida, 32583, on October 30, 2017.

Respectfully submitted,

PAMELA JO BONDI

ATTORNEY GENERAL

*/s/   J. Bruce Bickner*
J. Bruce Bickner
Assistant Attorney General
Florida Bar No. 338656
Office of the Attorney General
1300 Riverplace Blvd., Suite 405
Jacksonville, Florida  32207
Telephone: (904) 348-2724  Ext. 216
Facsimile: (850) 488-4872
Email:  James.Bickner@myfloridalegal.com