UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSEPH LOUIS D'ALESSANDRO, III,

    Plaintiff,

v.                                                         Case No. 3:17cv95/RV/CJK

J. COKER, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This prisoner civil rights case is before the court upon plaintiff's motion for temporary restraining order and preliminary injunction. (Doc. 47). Defendants oppose the motion. (Doc. 51). Because plaintiff fails to establish the four factors warranting injunctive relief, his motion should be denied.

In this action, plaintiff claims Lieutenant Schrock, Sergeant Ellis and Officer Gibbs used excessive force on him on June 20, 2016, while he was confined at Santa Rosa Correctional Institution. (Doc. 8). Plaintiff also claims Nurse Donahoo failed to perform an adequate post use-of-force medical examination and failed to properly document his injuries, at Gibbs' request. (*Id.*). Plaintiff was confined at Union Correctional Institution at the time he filed this lawsuit. Plaintiff now alleges that he was transferred back to Santa Rosa CI, and that he "is in fear for his safety and

wellbeing" because two defendants (Schrock and Ellis) are employed there. (Doc. 47, p. 1). Plaintiff requests the following:

> Plaintiff wishes to avoid any reprisal brought on by defendants, or any other staff at Santa Rosa Correctional Institution including, but not limited to: physical or verbal abuses, personal and legal mail being tampered with or stole, tampering with meals, etc. Plaintiff request[s] to be transferred to another Institution?

(*Id.*, p. 2).

Courts will grant a temporary restraining order or preliminary injunction only when the movant establishes four elements: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (*citing Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

Plaintiff's allegations of anticipated, possible retaliation by defendants or other unidentified officers are conclusory and speculative in nature, and fail to

establish he is likely to suffer imminent and substantial injury. *See Siegel v. LePore*, 234 F.3d 1162, 1176-77 (11th Cir. 2000) (emphasizing that "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" (*quoting Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990)); *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (stating that to obtain injunctive relief, a plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of *future* injury"). Further, plaintiff seeks injunctive relief against several non-parties over whom the court lacks jurisdiction. *See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs.*, 72 F.3d 842, 842-43 (11th Cir. 1995) (finding court lacked subject-matter jurisdiction to issue preliminary or permanent injunction against non-party). Finally, and as a general matter, prisoners do not have a constitutional right to remain in, or be transferred to, a correctional institution of their own choosing, *Meachum v. Fano*, 427 U.S. 215, 225, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976), and this court is not authorized to order the Florida Department of Corrections to house inmates in particular facilities within the penal system. *Cf. Procunier v. Martinez*, 416 U.S. 396, 405, 94 S. Ct. 1800, 40 L. Ed. 2d 224 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401, 109 S. Ct. 1874, 104 L. Ed. 2d 459 (1989) ("[C]ourts are ill equipped to deal with the increasingly

urgent problems of prison administration and reform. Judicial recognition of that fact reflects no more than a healthy sense of realism. Moreover, where state penal institutions are involved, federal courts have a further reason for deference to the appropriate prison authorities.").

Accordingly, it is respectfully RECOMMENDED:

That plaintiff's motion for temporary restraining order and preliminary injunction (doc. 47) be DENIED.

At Pensacola, Florida, this 2nd day of November, 2017.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.