COURT NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PROVIDED TO
SANTA ROSA C.I. ON
JAN 15 2018
FOR MAILING BY

JOSEPH LOUIS D'ALESSANDRO, III,
Plaintiff,

V.

Case No. 3:17cv95/RV/CJK

J. Coker, et al.,
Defendants.

_____/

PLAINTIFF'S MOTION TO COMPEL DISCOVERY

The Plaintiff moves pursuant to Rule 34(b) and 37(a),
Fed. R. Civ. P., for an order compelling the defendants to produce
for inspection and copying the documents requested in August 2017.

DECLARATION IN SUPPORT OF MOTION
TO COMPEL DISCOVERY

JOSEPH LOUIS D'ALESSANDRO, III, declares under penalty
of perjury:

1. I am the plaintiff in this case. I make this affidavit in
support of my motion to compel discovery.

2. In August 2017, I served the defendants' counsel a
Request for production of documents, which is attached to this
affidavit as Exhibit 1.

3. Defendants' counsel respondend we/r past the 30 days'
requested. Their Responses and objections to my Request for
Production of documents is attached to this affidavit as
Exhibit 2.

4. Defendants' objections are waived as a result of their
failure to make them in a timely manner, as set forth in the
brief accompanying this motion.

5. Defendants responses to number 6, 9, 10, and 11 were
not objected to. But these documents still have not been produced.

- 1 -

5. Defendants' objections on the ground that the discovery sought is irrelevant, burdensome, and privileged have no merit, as set forth in the brief accompanying this motion.

## BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY

### Statement of the Case

This is a § 1983 action filed by a prisoner at Santa Rosa Correctional Institution seeking damages based on the use of excessive force and the denial of medical care and treatment.

### Statement of Facts

In August 2017, the plaintiff served a Request for production of documents pursuant to Rule 34, Fed. R. Civ. P.. As set forth in the plaintiff's declaration, the defendants' belated response was well after the 30 days' request. Defendants have also not provided documents in request 6, 9, 10, and 11. Defendants state in request 6, 9, and 10 that copies will be supplied to plaintiff upon reciept and upon payment of cost of copies. Plaintiff has filed this complaint in forma pauperis and is still currently indigent with no funds to pay for copies of the documents requested. The office of the Attorney General must provide the cost of copies. See plaintiff's declaration at 2-6.

## ARGUMENT
### POINT 1

Defendants

DEFENDANTS HAVE WAIVED THEIR OBJECTIONS BY THEIR FAILURE TO RESPOND TIMELY TO THE REQUEST

The rules provide that the responses and objections to request for production of documents are to be served within 30 days of the request unless the court grants a shorter or longer time. Rule 34, Fed. R. Civ. P. The defendants, however, waited almost 2 months before responding, without obtaining or even seeking permission from the court, or agreement from the plaintiff, for this delay.

-2-

It is well established in federal practice that "discovery Objections are waived if a party fails to object timely to interrogatories, production request, or other discovery efforts." Godsey v. United States, 133 F.R.D. 111, 113 (S.D. Miss. 1990); accord, Morin v. Nationwide Federal Credit Union, 229 F.R.D. 364, 368 (D. Conn. 2005); Safeco Ins. Co. of America v. Rawstrom, 183 F.R.D. 608, 670-73 (C.D. Cal. 1998); Demary v. Yamaha Motor Corp., 125 F.R.D. 20, 22 (D. Mass. 1989) and cases cited. This waiver is enforced even if the objections are based on a claim of privilege. Marx v. Kelly, Hart and Halman, P.C., 929 F.2d 8, 12 (1st Cir. 1991); Fonville v. District of Columbia, 230 F.R.D. 38, 42-43 (D.D.C. 2005); Fretz v. Keltner, 109 F.R.D. 303, 309 (D. Kan. 1986) and cases cited. The noncomplying party is excused from the waiver only if the discovery is "patently proper," Godsey v. United States, 133 F.R.D. at 113, or if it "far exceeds the bounds of fair discovery," Krewson v. City of Quincy, 120 F.R.D. 6, 7 (D. Mass. 1988); accord, U.S. ex rel. Burroughs v. DeNardia Corp. 167 F.R.D. 680, 687 (S.D. Cal. 1996).

As shown in the next point, the discovery sought is not only proper but is highly appropriate and relevant.

## POINT II

### THE DISCOVERY SOUGHT IS RELEVANT TO THE CLAIMS AND DEFENSES IN THIS CASE

Defendants' belated objections state that the documents requested by the plaintiff are irrelevant to the action. Their argument is frivolous.

Rule 26(b)(1), Fed. R. Civ. P., permits discovery of "any non privileged matter that is relevant to any party's claim or defense. ... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Each item sought by the plaintiff is relevant to the claims and defenses in the case, as explained below.

A. Documents relevant to past treatment of inmates by Defendants Schrock, Ellis, Gibbs and/or the Donahoo.

-3-

Item 1 of the plaintiff's request seeks "Any and all grievance Complaints, or other documents recieved by prison staff at Santa Rosa CI concerning the mistreatment of inmates by defendants Schock, Ellis, Gibbs, and/or Donahoo, and any memoranda, investigative files, or other documents created in response to such Complaints since January 1, 2006."

The defendants state generally in their objections that "personal records are officer" it is way over broad, unduly burden some and seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Further this request seeks information that is privileged and confidential due to other inmates privacy rights and HIPPA. Request 1, 2, 3, and 4 are all objected to on basically the same excuses and invalid reasoning.

First, the plaintiff does not seek "personnel records" in any general Way. He seeks documents pertaining to particular kinds of complaints and allegations about these defendants, whether or not they are part of "personnel records". He does not seek other matters that may be in the personnel records, such as medical data or information about their records of lateness, leaves, vacations, etc.

Plaintiff's request all 5 of 1-5 are all relevant and important the true evidence that will be used in the trial and the case.

Second, the Defendants', til this date, have not produced Request 9: "Any and all documents, including but not limited to use of force reports) # 16-12096 created by Santa Rosa CI Staff or any other Florida Doc employee or official concerning any uses of force incident involving plaintiff on or about June 20, 2016, or any investigation or action concerning that incident."; Request 10: "Any and all digital photographs that were taken of Plaintiff's injuries on June 20, 2016 to the date of your response." Or Request 11: "Any and all fixed and handheld operated video and audio recordings concerning the use of force involving the Plaintiff on

June 20, 2016 from the hours of 10:00 Am, to 1:00. p.m. All of these incident report(s), digital photographs, and fixed and handheld operated video and audio recordings are extremely valueable and crucial pieces of evidence that defendants' are withholding from the plaintiff, because, they can prove the allegations in the case against defendants Schruck, Ellis, Gibbs and Donahoo.

Plaintiff is also an indigent without funds to pay for the cost of these documents requested, and the Office of the Attorney General, counsel for the defendants should be liable for all cost of copies and they should provide these documents to plaintiff as soon as possible.

For these reasons the material sought is relavant and should be produced and copied.

## CONCLUSION

For the foregoing reasons, the court should grant plaintiff's motion to compel discovery.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this motion has been mailed to: U.S. District Court, 100 N. Palafox St. Pensacola, FL. 32502 and J. Bruce Bickner, Assistant Attorney General, Counsel for Defendants Schruck, Ellis, and Gibbs, 1300 RiverPlace Blvd., Suite 405, Jacksonville, FL. 32207 on January 15th, 2018.

Respectfully Submitted,

Joseph Louis D'Alessandro, III
DC#B08804, Santa Rosa CI
5850 E. Milton Rd.
Milton, FL 32583

-5-

Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

JOSEPH LOUIS D'ALESSANDRO, III
    Plaintiff.

v.                   CASE NO: 3:17-CV95 / RV / CJK

J. COKER, et. al.,
    Defendants.
_____/

## PLAINTIFF'S REQUEST FOR
## PRODUCTION OF DOCUMENTS

Pursuant to Rule 34, Fed. R. Civ. P., the Plaintiff request that the Defendants produce the documents listed within 30 days, either by providing the Plaintiff with copies or by making them available to the Plaintiff for inspection and copying.

1. Any and all grievances, complaints, or other documents received by prison staff at Santa Rosa Correctional Institution concerning the mistreatment of inmates by defendants Schrock, Ellis, Gibbs, and / or Donahoo, and any memoranda, investigative files, or other documents created in response to such complaints since January 1, 2006.

2. Any and all policies, directives, or instructions to staff concerning the use of force by Santa Rosa Correctional Institution and Florida Department of Corrections staff.

3. Any and all policies, directives, or instructions to staff governing sick-call procedures, both in general population and in Close Management.

4. All Sick-call request sheets from June 20, 2016 to the date of your response.

5. The Plaintiff's complete medical records from June 20, 2016 to the date of

your response.

6. Any logs, list, or other documentation reflecting grievances filed concerning any use of force incident involving the Plaintiff on or about June 20, 2016 to the date of your response.

7. Any and all documents created by Santa Rosa Correctional Institution Staff or any other Florida Department of Corrections employee or official in response to a grievance filed by the Plaintiff from June 20, 2016 to the date of your response concerning his medical care, or any appeals of that grievance.

8. Any and all documents created by any Santa Rosa Correctional Institution Staff member from June 20, 2016 to date concerning the Plaintiff's medical care and not included in item 5, 6, or 7 of this request.

9. Any and all documents, including but not limited to use of force report(s) #16-12096 created by any Santa Rosa Correctional Institution Staff member or any other Florida Department of Corrections employee or official concerning any uses of force incident involving the Plaintiff on or about June 20, 2016, or any investigation or action concerning that incident.

10. Any and all digital photographs that were taken of Plaintiff's injuries on June 20, 2016 to the date of your response.

11. Any and all fixed and hand held operated video and audio recordings concerning the use of force incident involving the Plaintiff on June 20, 2016 from the hours of 10:00 a.m. to 1:00 p.m.

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiff's Request for Production of Documents was mailed to: J. Bruce, Assistant Attorney General, Counsel for defendants Ellis and Schrock, mailed to the Florida Department of Corrections, Attn: Personnel Records, and mailed to the Clerk of the Court for filing on $August$ , 2017.

Respectfully submitted,

Joseph Louis D'Alessandro, III
Union Correctional Institution
P.O. Box 1000
Raiford, Florida 32083

3

INMATE '17/7/25 A61D011013714 28841

Exhibit 2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSEPH LOUIS D'ALESSANDRO, III,

     Plaintiff,

v.                                 Case No. 3:17-cv-95-RV/CJK

J. COKER, et al.,

     Defendants.

_____

## RESPONSES AND OBJECTIONS TO PLAINTIFF'S
## REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants respond to the Plaintiff's Request for Production of Documents as follows:

1. Request number 1 is objected to as it is overbroad, unduly burdensome and seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Further this request seeks information that is privileged and confidential due to other inmates privacy rights and HIPPA. Additionally, responding would require that the defendants define terms of the request which are inspecific and undefined.

2. Request number 2 is objected to as it is seeking documents which are ·confidential and are sensitive in nature and not disclosable to inmates. Furthermore, it is objected to as it is overbroad, unduly burdensome and

seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence.

3. Request number 3 is objected to as it is seeking documents which are confidential and are sensitive in nature and not disclosable to inmates. Furthermore, it is objected to as it is overbroad, unduly burdensome and seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence.

4. Request 4 is objected to as it seeks the disclosure of information that is privileged and confidential due to other inmates privacy rights and HIPPA.

5. Defendants do not have in their possession any documents which correspond to request 5.

6. In response to request 6, plaintiff has copies of his own grievances that he filed on June 20, 2016. Grievance logs have been requested and will be provided upon receipt and upon payment of costs of copies.

7. In response to request 7, plaintiff has previously been provided copies of responses to the grievance that he filed on June 20, 2016.

8. Response to request 8, defendants are not in possession of and documents that correspond to this request.

9. Documents responsive to this request 9 have been requested and will be supplied to plaintiff upon receipt and upon payment of costs of copies.

10.  In response to request 10, documents responsive to this request are being

sought and will be obtained if they exist. Copies will be supplied to plaintiff upon

receipt and upon payment of cost of copies.

11.  In response to request 11, copies of all videos will be supplied to plaintiff's

classification officer for his viewing.  Discs will not be released to the plaintiff.

                                        Respectfully submitted,

                                        PAMELA JO BONDI
                                        ATTORNEY GENERAL

                                        */s/ J. Bruce Bickner*
                                        J. Bruce Bickner
                                        Assistant Attorney General
                                        Florida Bar No. 338656
                                        Office of the Attorney General
                                        The Capitol, PL-01
                                        Tallahassee, Florida 32399-1050
                                        Telephone: (904) 348-2724 Ext. 216
                                        Facsimile: (850) 488-4872
                                        Email:  James.Bickner@myflorida legal.com

## **CERTIFICATE OF SERVICE**

        I HEREBY CERTIFY that a true and correct copy of the foregoing

Response   and   Objections   to   Plaintiff's   Request   for   Production   of

DocumentsNotice of Appearance was furnished by United States Mail to Joseph

/

Louis D'Alessandro, III, DC# B08864, Santa Rosa Correctional Institution-Annex,

5850 E. Milton Road, Milton, Florida, 32583, on October 23, 2017.

> PAMELA JO BONDI
> ATTORNEY GENERAL
>
> */s/ J. Bruce Bickner*
> J. Bruce Bickner
> Assistant Attorney General
> Florida Bar No. 338656

Joseph Louis D'Alessandro, III, DC#B08864
Santa Rosa Correctional Institution
5850 East Milton Road
Milton, FL 32583

LEGAL MAIL

MAILED FROM
A STATE CORRECTIONAL
INSTITUTION



U.S. POSTAGE ⟫ PITNEY BOWES

ZIP 32583  $ 000.88⁰
02 1W
0001403059 JAN 16 2018

U.S. District Court
100 N. Palafox Street
Pensacola, FL 32502

325025348839   00003