UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSEPH LOUIS D'ALESSANDRO, III,

    Plaintiff,

v.                                                                   Case No. 3:17cv95/RV/CJK

J. COKER, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This prisoner civil rights case is before the court on defendant Nurse M. Donahoo's ("Donahoo's") motion to dismiss plaintiff's medical deliberate indifference claim. (Doc. 72). Plaintiff Joseph D'Alessandro ("Alessandro") opposes the motion. (Doc. 79). The matter is referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). After careful consideration, the undersigned concludes that Donahoo's motion to dismiss should be granted on qualified immunity grounds.

### BACKGROUND AND PROCEDURAL HISTORY

Alessandro is an inmate of the Florida Department of Corrections confined at the Reception and Medical Center. Alessandro sues four current and former prison officials at Santa Rosa Correctional Institution – Lieutenant Schrock, Sergeant Ellis,

Officer Gibbs and Nurse Donahoo. Alessandro claims Schrock, Ellis and Gibbs used excessive force on him on June 20, 2016, and that Donahoo was deliberately indifferent to his medical needs when she failed to perform an adequate post use of force examination to discover and document all his injuries. (Doc. 8, pp. 3, 4). Specifically, plaintiff alleges Donahoo failed to examine his legs, ankles and feet. (*Id.*, p. 3). As relief, Alessandro seeks compensatory damages against each defendant. (*Id.*, p. 4). Although Alessandro initially asserted both individual and official capacity claims (doc. 8, p. 1), he withdrew his official capacity claims in response to a motion to dismiss filed by Schrock and Ellis. (*See* Doc. 27 (motion to dismiss); Doc. 34 (plaintiff's withdrawal of official capacity claims); Doc. 37 (order deeming official capacity claims withdrawn); Doc. 79, p. 2 (plaintiff's response to Donahoo's motion to dismiss confirming that he withdrew all official capacity claims)).

Donahoo now moves, under Rule 12 of the Federal Rules of Civil Procedure, to dismiss the deliberate indifference claim against her on four grounds: (1) Alessandro's allegations fail to state a facially plausible claim for medical deliberate indifference, (2) Alessandro's individual capacity claim is barred by qualified immunity, (3) Alessandro's official capacity claim is barred by the Eleventh Amendment and (4) Alessandro's allegations fail to show he exhausted his

administrative remedies prior to filing suit. (Doc. 72, p. 1). Alessandro responds that his allegations state a facially plausible Eighth Amendment claim; that he withdrew all official capacity claims; and that he exhausted his administrative remedies. (Doc. 79). Because Alessandro withdrew his official capacity claims and is not required to specially plead or demonstrate exhaustion in his complaint, *see Jones v. Bock*, 549 U.S. 199 (2007), this Report analyzes only the qualified immunity issue.

## RELEVANT LEGAL PRINCIPLES

<u>Motion to Dismiss Standard</u>

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts all well-pleaded factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.,* 29 F.3d 1480, 1483 (11th Cir. 1994). Mere "labels and conclusions", however, are not accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (explaining that on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory

legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009))). Similarly, a pleading that offers "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

As the Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal. *Id.*; *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.*, 550 U.S. at 570.

<u>Elements of a Section 1983 Medical Deliberate Indifference Claim</u>

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (*citing Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-331 (1986)); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

A prisoner claiming he was deprived of adequate medical care in violation of the Eighth Amendment must show "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Danley v. Allen*, 540 F.3d 1298, 1310 (11th Cir. 2008). Deliberate indifference has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Farrow v. West*, 320 F.3d 1235, 1245 (11th Cir. 2003) (quotations omitted). Deliberate indifference is not established "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Mere incidents of negligence or malpractice" in diagnosing

or treating a medical condition "do not rise to the level of constitutional violations." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (*citing Estelle v. Gamble*, 429 U.S. 97, 104-106 (1976)); *see also Goodman v. Kimbrough*, 718 F.3d 1325, 1332 (11th Cir. 2013) (noting that the deliberate indifference standard "is far more onerous" than the negligence standard); *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (holding that the prisoner must prove that the official's response was so inadequate as to "constitute an unnecessary and wanton infliction of pain" and was not "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law.").

Qualified Immunity

"Under the qualified immunity doctrine, government officials performing discretionary functions are immune not just from liability, but from suit, unless the conduct which is the basis for suit violates clearly established federal statutory or constitutional rights of which a reasonable person would have known." *Sanders v. Howze*, 177 F.3d 1245, 1249 (11th Cir. 1999) (*citing Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "To be entitled to qualified immunity, the defendant must first establish that he was acting within the scope of his discretionary authority." *Gaines v. Wardynski*, 871 F.3d 1203, 1208 (11th Cir. 2017) (*citing Maddox v. Stephens*, 727 F.3d 1109, 1120 (11th Cir. 2013)). Once that is shown (and it is unchallenged here),

"the burden shifts to the plaintiff to establish that qualified immunity is not appropriate." *Id*. The plaintiff must prove that "(1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." *Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004). A district court may dismiss a case on qualified immunity grounds at the Rule 12 stage. *See, e.g., Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *Gonzalez v. Reno*, 325 F.3d 1228, 1233 (11th Cir. 2003).

## DISCUSSION

Donahoo's qualified immunity defense rests on the first qualified immunity prong – that even taking the well-pleaded allegations of Alessandro's amended complaint as true, they do not plausibly show she was deliberately indifferent to a serious medical need. Alessandro's amended complaint alleges that after Schrock, Ellis and Gibbs used excessive force on him, he was escorted to a post use of force medical examination. The entirety of the amended complaint's allegations pertaining to Donahoo are these:[1]

---

[1] Plaintiff provides an additional, unsworn allegation against Donahoo in his response to the motion to dismiss (namely, that he "told Donahoo numerous times of his injuries and serious pain at the use of force examination"); however, generally "[t]he scope of the review [on a motion to dismiss] must be limited to the four corners of the complaint." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002); *see also Twombly*, 550 U.S. 544; *see also, e.g., Keh v. Americus and Sumter Cnty. Hosp.*, 377 F. App'x 861, 866 (11th Cir. 2010) (holding that district court did not err in declining to consider on Rule 12(b)(6) review, a declaration attached to the plaintiff's response).

*Case No. 3:17cv95/RV/CJK*

> R.N. M. Donahoo failed to fully and adequately examine my entire body and properly document all my injuries. She did not examine my legs, ankles and feet because Officer ___ Gibbs told her not to check that area because he knew he pressed the leg restraints tight and cut me [and] that my legs were injured.

(Doc. 8, p. 3). Alessandro goes on to allege that later, "[t]he institutional inspector had photographs taken as evidence of all my injuries at complaint", and that he (Alessandro) "file[d] the Medical Sick-call procedures and my ankles and feet are not fully healed and are always swollen and in pain." (*Id.*).

Assuming it is true that Donahoo did not examine Alessandro's legs and ankles because Gibbs told her not to, that does not reasonably support an inference that Donahoo knew that failing to examine those areas posed a substantial risk of serious harm to Alessandro's health. The allegation suggests, at most, that she was negligent. The amended complaint's allegations also fail to show that it is plausible Donahoo's failure to examine Alessandro's legs and ankles during the exam caused (or worsened) any injury. Alessandro admits that his injuries were subsequently documented by the inspector, and that he utilized the sick-call procedure to seek treatment for his injuries. Because Alessandro fails to show defendant Donahoo violated a constitutional right, Donahoo is entitled to qualified immunity.

Accordingly, it is respectfully RECOMMENDED:

1.   That defendant Nurse Donahoo's motion to dismiss (doc. 72) be GRANTED on qualified immunity grounds and denied in all other respects.

2.   That plaintiff's claim against defendant Nurse Donahoo be DISMISSED WITH PREJUDICE.

At Pensacola, Florida, this 9th day of April, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.